JOHNSON AND ANOTHER *vs.* RANSOM.

It is an ancient and well established principle, that a writ is divisible, which is brought for a cause of action that is divisible, and may be abated in part, and remain good for the residue.

The principle, that if only a part of the persons, who are jointly liable to the plaintiff, are sued, and it does not appear upon the face of the declaration that others so liable, and living, are omitted, those who are sued can take advantage of the non-joinder only by plea in abatement, is not limited to cases, where the objection that there is such non-joinder applies and is taken to the whole of a count to which it is pleaded.

In the action of book-debt, where all the persons who are jointly liable for the plaintiff's demand are not made defendants, the same rules are applicable which prevail in all other actions founded on simple contract.

Where the plaintiff, in an action of book-debt, exhibits on oyer a bill of particulars, embracing items chargeable to the defendant and another, he may recover for such items, unless the defendant pleads in abatement the non-joinder of the party so liable.

THIS was an action of book-debt, brought by Johnson and Parsons against Henry C. Ransom, to the term of the city court of the city of Hartford, holden in September, 1854. By the rules of said court, pleas in abatement are required to be filed on or before the opening of the court, on the sec-

ond day of the first term after the action is brought. No bill of particulars was rendered, nor was oyer of the plaintiffs' account furnished, until the term of said court, succeeding that to which said action was brought, when the plaintiffs on oyer rendered their account, consisting of ten separate items.

At the term of said court, holden in December, 1854, said cause was tried, by the court, upon the plea of the general issue.

Upon the trial, the defendant proved that the ninth and tenth items in said account were for a model for a pump, furnished by a special contract in writing made by the plaintiffs, with the defendant, which contract had never been complied with, and which model never had been delivered to the defendant. The first, fourth, fifth, seventh, and eighth items, the defendant offered to prove, and did prove, were for services rendered, and materials furnished, to one Henry Johnson, and 'for which, the defendant was not chargeable, or responsible. The second, third and sixth items, the defendant offered evidence to prove were for services rendered to a copartnership, consisting of Waldo M. Johnson, and the defendant, under the firm of Johnson and Ransom, and not to the defendant individually, and for which he was not individually chargeable ; said evidence was not objected to, and was received by the court.

The plaintiffs' counsel, in the argument of said cause, claimed that if the court should be of opinion that they were not entitled to recover for their whole claim, yet that they were entitled to recover for so much of the same as had been proved to be chargeable to said Johnson & Ransom, and that the defendant could not take advantage of the nonjoinder of W. M. Johnson, under the general issue, or in any other way, except by a plea in abatement, and prayed the court so to decide.

· The court rendered judgment for the defendant. The plaintiffs thereupon filed a bill of exceptions, and by motion in error, brought the record before this court for revision.

*Goodman* for the plaintiffs.

If the defendant had pleaded in abatement the non-joinder of any other party, the plaintiff might, by our statute, have amended his writ, by inserting the name of that party ; but by pleading the general issue, he waived that objection.   The non-joinder of a party defendant can be taken advantage of, only by plea in abatement.   Gould Pl., 278.   1 Chit. Pl., 29. 1 Saund., 284.   *Hine* v. *Houston,* 2 Green., 161.   *Henderson* v. *Hammond,* 19 Ala., 340.   *Grove* v. *Lawrence,* 4 Fost., 128. *Converse* v. *Symmes,* 10 Mass., 379.   *Robertson* v. *Smith,* 18 Johns., 459.   *Barstow and al.* v. *Fossett,* 11 Mass., 250. *Wilson* v. *Nevers,* 20 Pick., 20.   *Blin* v. *Pierce,* 20 Vt., 28. *Holmes* v. *Marden,* 12 Pick., 169.

*Welch* and *Shipman* for the defendant.

I. The technical rules, as to pleas in abatement, are not necessarily applicable to the action of book-debt, because this action is, in its nature, totally diverse from those common law actions, in which these rules have their origin, and to which they relate.   The action of book-debt groups together, in our court, several and diverse causes of action. The rule de non-joinder has reference to those forms of actions, in which each cause of action is set forth in a separate count.   1 Saund. Pl., 10.   Gould Pl., Ch. 5, § 14.

II. The writ, in this case, consists of but a single count, declaring for a general balance of accounts, and the major part of the balance claimed is confessedly due, only from the defendant.   Advantage of the non-joinder could not be taken in this case, by plea in abatement ; because, 1. Such a plea would not be an answer to the entire count, and would therefore be unavailing.   *Henries* v. *Jamieson,* 5 T. R., 557.   To make the plea an answer to the entire count, it would have to embrace both matter in abatement, and matter in bar.   Steph. on Pl., 257, 5 Com.   Dig., 386.   2. It would be impossible, upon the rules of pleading, to frame a plea in abatement, which would reach the difficulty in this

case. 3. If it were possible to frame a plea to meet the case, no judgment could be rendered upon it in favor of the defendant. The only judgment which a court can render for the defendant, upon a plea in abatement is, that the writ, or the count abate. Bac. Ab. Abatement M. Gould Pl., Ch. 5, § 159. Such a judgment, in this case, would have been not only improper, but a manifest and gross hardship, and injustice to the plaintiffs. 4. As to the real gist of the action, set forth in this single count, the plaintiffs could not have a better writ, which they must have had before they could have judgment in their favor, upon a plea in abatement. Steph. on Pl., 431.

III. It follows, therefore, that the claim of the plaintiffs is not well founded, unless a bill of particulars is to be considered as an addition of counts to the writs, which cannot be true.

IV. The reason of the rule de non-joinder does not apply to cases like the present. *Cessante ratione, et lex ipse cessat.* We could not plead in abatement in this case, because the time of such pleading had passed before such abateable matter was disclosed, and therefore it could be taken advantage of, on the trial. 2 Wash. C. C. R., 112.

V. The consequences of the rule claimed would be endless confusion and perplexity.

STORRS, J. As our action of book-debt is only an action of debt brought for the recovery of a particular kind of indebtedness, we are of the opinion that, in respect to it, the same principles are applicable, which prevail in all other actions founded on simple contract, where all the persons who are jointly liable to the plaintiff's demands are not made defendants; and that, according to those principles, the city court, in the case before us, ought to have rendered judgment in favor of the plaintiffs below, for the amount of the debt, which was proved to be due to him from the defendant, and Waldo M. Johnson.

It is a well settled rule, in actions *ex contractu*, that, although all the persons, who are jointly liable to the plaintiff, ought to be named as defendants, if some of them only are sued, and it does not appear upon the face of the declaration that others, so liable, and living, are omitted, those who are sued must plead the non-joinder in abatement, and cannot take advantage of it in any other way. 1 Saund., 291, b. c. id. 154, n. 1. 2 Saund., 210. 5 Burr., 2611.

There is no ground for the claim of the defendant that this rule is limited to cases, where the objection that there is such a non-joinder applies, and is taken to the whole of a count, to which it is pleaded. It is frequently the case that a single count embraces several causes of action; as, for instance, in debt on simple contract, and *indebitatus assumpsit*, in which it is well settled that the count may combine several distinct causes of action, for which a count of that nature is appropriate, and that a plaintiff, under it, may recover all such demands, however numerous, as fall within the range of that count and to which it is applicable; (per *Bailey J. Richards and al.* v. *Heather*, 1 Barn. and Ald.,34,) and in such cases the principle is applicable to any particular part of such a count to which the objection exists, that there is an omission to join as co-defendants all those who are jointly liable to the plaintiff. This results from the ancient and well established principle, that a writ is divisible, which is brought for a cause of action that is divisible, and may be abated in part, and remain good for the residue. (See Arch. pl. and ev., 306. 2 Saund. 210 a. n. Chit. Pl., 8 Am. ed., 458.) Hence a plea, though it must not contain several answers to the whole of the declaration, may, nevertheless, make distinct answers, whether it be a plea in abatement, or in bar, to such parts of it as relate to different matters of claim or complaint. (Steph. on Pl., 297.) The defendant may plead to one count and demur to another, or plead in abatement to part of the declaration and plead in bar to the residue. He may, likewise, to several counts, or to distinct parts of the

same count, plead several pleas, viz.: one to each. (Steph. on Pl., 319.) In 1 Went. Pl., 47, is a precedent, drawn by one of the most eminent special pleaders of his day, of a plea in abatement to part of a count in *assumpsit*, that the promise, as to a specified portion of the money demanded in that count, was made by the defendant jointly with another person, not named as defendant.

There is, therefore, no technical difficulty in these cases, which prevents the defendant, by a plea in abatement, from protecting himself against a recovery for a part of the plain-tiff's claim, which is due from the defendant and another person. And if he is subjected to any inconvenience by being obliged to meet it on the general issue, it is voluntarily brought upon himself by omitting to object to the non-joinder of said person by the appropriate plea. To the argument that the defendant might be surprised on the trial by a claim, made against himself and another, it is a sufficient answer that it is in his power to prevent such surprise, by requiring a bill of particulars of the plaintiff's claim, which the court will order, where it is not sufficiently disclosed in the declaration, and which would enable the defendant to interpose the proper plea in abatement, as to any part of it on which he is not solely liable to the plaintiff. In the present case, such a bill of particulars was in fact given.

The authorities are decisive to show that it was not only competent, but necessary, for the defendant to have pleaded such non-joinder in abatement.

The case of *Holmes* v: *Marden*, 12 Pick. R., 169, is directly in point; and the principle decided in it, was also involved and recognized in *Richards and al.* v. *Heather*, 1 Barn. and Ald., 29.

In *Hill* v. *White and al.*, 6 Bing. N. C., 26, where the defendants pleaded in abatement to a whole count in *assumpsit* for work and labor, that the promises were made by them jointly with others, and it appeared that part of the services were rendered to the defendants, and another part to the

defendants jointly with others, it was held that the plea was not supported, on the ground that the defendants should not have pleaded in abatement to the whole of the plaintiff's demand, but only to that part of it, on which they were jointly liable with others. Tindal, C. J., says: " It is clear that, where there are several counts, the plaintiff may recover as to one only ; and there is no reason why, on the same principle, the demand in a single count should not be esteemed divisible ; in other words, why the defendant should not plead that the action is brought in part for a contract on which he is jointly liable with others, and in part for one as to which he is singly concerned."

In *Branch* v. *Doane*, 17 Conn. R., 402, we had occasion to determine a question which is analogous to the one now before us and involved the same principle. We there held that if the cause of action is divisible, and the plaintiff could not sue alone for a part, the defendant might successfully plead in abatement to such part, and the action would proceed as to the residue ; and that where the declaration, in an action on the case, alleged an injury to the plaintiff's mill, by the wrongful acts of the defendant during a period of six years, and at the trial on the general issue it appeared that, during a part of that period, the plaintiff occupied the mill jointly with another person, the plaintiff was not precluded from recovering his proportion of the damages for the injury, which accrued during such joint occupation, and that, in order to prevent such recovery, the defendant should have pleaded in abatement, as to that period, the non-joinder of such other person, as plaintiff. We would refer to the reasoning of the court in that case, as being applicable to the present.

We therefore advise the superior court that there is error in the judgment complained of.

In this opinion, the other Judges, HINMAN and ELLSWORTH, concurred.

Judgment reversed.